[No. 8758.    Department Two.    August 8, 1910.]

CHAS. S. MILLER et al., Respondents, v. J. A. CAUGHREN et al., Appellants.[1]

APPEAL—REVIEW—FINDINGS OF REFEREE. The findings of a referee upon conflicting evidence sustained by the trial court will not be disturbed on appeal.

JOINT ADVENTURES—PARTNERSHIP—AUTHORITY OF PARTNER. The officer of the freight department of a copartnership engaged in a joint steamboat venture has authority to agree with the manager of the boat as to freight charges not covered in the agreement between the joint owners of the boat.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 24, 1909, upon the findings of a referee in favor of the plaintiffs, in an action for an accounting.    Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellants.

*P. C. Shine,* for respondents.

MOUNT, J.—The respondents and the appellants in this case were two independent partnerships. The latter partnership was engaged in business as general railroad contractors, constructing a line of railroad along the Columbia river. In 1906, these two partnerships in common built and operated a steamboat on the Columbia and Snake rivers, for the purpose of carrying freight and passengers for the appellants and their subcontractors. It was agreed that the two copartner-

[1]Reported in 110 Pac. 32.

ships should share equally the profits and losses of the steamboat venture.  This action arose upon a final accounting between the parties.  This appeal is from a final judgment upon the accounting.

The only question presented is, whether the charge for freight carried for subcontractors of the appellants should be five dollars per ton or six dollars per ton.  The referee to whom the case was tried found that the agreement was for six dollars per ton.  The trial court sustained that finding.  The evidence upon this question is in conflict, and we shall not disturb the finding.  Appellants argue that the articles of copartnership provided for five dollars per ton for freight; and also argue that one of the members of the appellant partnership could not change that article without the assent of the other partners.  It is true there was some talk at the time the members agreed to build and operate the boat that freight could be carried at five dollars per ton, but there was no fixed rate for freight agreed upon at that time.  Subsequently the member of the appellant company who had charge of the freight department agreed with the manager of the boat to make the charge six dollars per ton for freight carried, and this rate was well known and was acted upon after that time.  It is clear that the officer of the appellant company having charge of its freight department would have authority to agree with the carrier upon the freight rate to be charged where none had been definitely fixed.

The judgment must therefore be affirmed.

Rudkin, C. J., Chadwick, Crow, and Dunbar, JJ., concur.